UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDUARDO POZO**

    **Plaintiff,**

                                  **Case Number  8:15 cv -00929 SDM AEP**

**v.**

**STELLAR RECOVERY SERVICES, INC.**

    **Defendant**
_____/

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

    Plaintiff brings this action against Defendant on the grounds and the amounts set forth herein.

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (hereinafter "TCPA").

3.    Venue is proper in the Middle District of Florida because the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here.

**PLAINTIFF**

4.    Plaintiff is a natural person who resides in Highlands County, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim

1

under the Fair Debt Collection Practices Act ("FDCPA") by virtue of being directly affected by a violation of the Act, to wit Plaintiff has been subjected to Defendant's unlawful collection practices among other improper collection activities.

## DEFENDANT

5. Defendant is a Montana corporation that operates a call center in Jacksonville, Florida.

6. At all times relevant to this Complaint, Defendant has transacted business in this District and throughout the United States.

7. Defendant is a "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## DEFENDANT'S BUSINESS PRACTICES

8. From their offices throughout the United States Defendant engages in consumer debt collection activities throughout the United States.

9. The Defendant uses the mailing address 1327 Highway 2 West, Suite 100, Kalispell, MT, 59901 to operate their debt collection activities.

10. The Defendant receives mail at 1327 Highway 2 West, Suite 100, Kalispell, MT, 59901, including mail sent via U.S. First Class Mail through the United States Post Office.

11. The Defendant uses First Class Mail via the United States Post Office to send notices and letters to consumers, including the Plaintiff.

12. The Defendant intentionally maintains separate debt collection systems and call logs so that they can continue to collect upon them even after they have been issued cease and desist instructions or disputes as to the debts.

13. The Defendant employs more than one employee to retrieve the Defendant's incoming mail.

14. The Defendant employs more than one employee to sort Defendants' incoming mail.

15. The Defendant receives in excess of 1000 items of mail each business day through the United States Post Office.

16. The Defendant does not maintain a written policy of handling incoming mail.

17. The Defendant regularly attempts to collect debts by contacting consumers by telephone, U.S. mail, and other instrumentalities of interstate commerce.

18. The Defendant maintained computers at each one of Defendant's business addresses for the five years preceding this complaint.

19. Defendant does not maintain a written policy of not calling a debtor after a verbal cease and desist.

20. In numerous instances, including instances involving the Plaintiff, when Defendant contacts persons to collect debts, Defendant represents to those persons that they will no longer contact them to collect the debts at issue or that they will take steps to ensure that they will no longer do so. In numerous instances, including at least three instances involving the Plaintiff, Defendant did not take the necessary steps, or did not take the promised steps, and Defendant continued to contact many of these same persons, including Plaintiff, even after representing that they would not do so.

21. In numerous instances, including instances involving the Plaintiff, the Defendant telephoned persons other than the consumers more than once for the purposes of acquiring location information for consumers, even though: (i) the persons have not requested additional calls; and (ii) it is not reasonable for Defendant to believe that the person's previous denial of knowledge of the consumer or the consumer's location was erroneous or incomplete or that the person subsequently obtained correct or complete location information.

22. In numerous instances, including instances involving the Plaintiff, Defendant called persons repeatedly or continuously with the intent to annoy, harass, or abuse. For example, Defendant: (i)

continued to call even after being told, either orally or in writing, to stop; (ji) call multiple times per day or frequently over an extended period of time (for example, calling some persons three or more times per day); and (iii) call at the person's places of employment, even though the collectors know or should know that it is inconvenient for them to receive calls there.

23.     In numerous instances, including instances involving the Plaintiff, Defendants leave pre-recorded messages on the voicemail, answering machine, or messaging service of persons, in which Defendants divulge that: (1) they are a debt collector, are attempting to collect a debt, or that the consumer owes a debt; and (2) the name of the consumer. For example, in numerous instances, Defendants have left such messages for consumers, including the Plaintiff, even though the voicemail, answering machine, or messaging service greeting either does not give the name of any person or announces that the voicemail, answering machine, or messaging service is for a person other than the consumer whom the Defendants are trying to reach. In many instances, individuals other than the consumer hear the message, thereby disclosing consumers' alleged debts to persons other than the consumer without the prior consent of the consumer.

24.     Defendant uses cell phone scrubbing software and lists to identify when it is calling a cell phone number and to identify when the phone number has been transferred to a new person.

25.     Defendant does not record nor does it maintain the storage of recordings of incoming calls.

   **COUNT I:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—
   15 U.S.C. § 1692** *et seq.*

26.     Plaintiff re-alleges Paragraphs 1- 25 herein.

27.     The Fair Debt Collection Practices Act 15 U.S.C. § 1692 (FDCPA) broadly prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct, from using false, deceptive, and misleading misrepresentations, or from collecting debts using unfair or unconscionable means. *See 15 U.S.C. §§ 1692d*,

*1692e*, *1692f.*

28.     *15 U.S.C. § 1692d(5)* prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29.     This action arises out of a series of debt collection calls placed by Defendant to Plaintiff's cellular telephone number in its efforts to collect a debt allegedly owed by an individual named "Daniel Solice". [1]

30.     Defendant used pre-recorded messages and automated dialing system to place at least forty calls to Plaintiff's cellular telephone number ending in 7105.

31.     Since February 2, 2015, Plaintiff is, and has been, the owner, regular user, and subscriber of the cellular telephone number ending in 7105.

32.     Plaintiff is "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, to wit Plaintiff has been subjected to Defendant's improper debt collection, which included calling Plaintiff at least thirty- nine times during the time period between February 2015 through July 2015 after being told verbally and in writing multiple times that he was not the person they were trying to call and that he did not owe the debt.

33.     The account that the Defendant was attempting to collect money on is a "debt" within the meaning of section 15 U.S.C. § 1692a(5) address an obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

34.     Defendant repeatedly continued to call Plaintiff despite the fact that it had actual knowledge that the Plaintiff was not the person that Defendant was attempting to call. Specifically, Plaintiff called the Defendant back after Defendant had called his cell phone number on: February 21, 2015, February

---

[1] *See McBeth v. Credit Protection Assoc.*, Case No: 8:14-cv-606-T-36AEP (MD FLA July 15, 2015). The FDCPA applies in cases where the debt collector continues to call the wrong person.

23, 2015, March 26, 2015 and again on April 6, 2015. Each time the Plaintiff called the Defendant he advised Defendant that he was not Daniel Solice.

35. Defendant wrote and mailed a cease and desist letter to Plaintiff on March 23, 2015, yet Plaintiff still continued to call Plaintiff's cell phone number until June 2015.

36. Plaintiff does not owe any debt that the Defendant had the right to collect.

37. The telephone calls made by Defendant to Plaintiff caused Plaintiff stress, aggravation, anxiety, embarrassment, and are harassing.

38. The telephone calls made by Defendant caused the Plaintiff monetary losses because the calls blocked his ability to pick up numerous Uber customers calling for rides.

39. Defendant was not entitled to contact Plaintiff after having been notified that Plaintiff did not want Defendant to contact Plaintiff again.

40. Defendant's concerted actions were either intentional or grossly negligent as the Plaintiff did everything in his power to notify Defendants that he was not Daniel Solice. Defendant failed to follow any reasonable debt collection standards that would prevent it from repeatedly calling Plaintiff after being advised that he was not the person they were trying to call. Instead, despite multiple warnings from Plaintiff, Defendant intentionally disregarded Plaintiff's attempts to correct the situation, which has caused Plaintiff a high degree of emotional distress.

41. As a result of Defendant's abusive actions, Plaintiff suffers from anxiety, sleeplessness, loss of appetite, and other such manifestations of emotional distress. Plaintiff has been stressed, embarrassed, and shocked at Defendant's ongoing debt collection calls for debts that he did not owe, that it has caused

him to constantly worry and be depressed. [2]

42. Plaintiff has incurred actual damages and incurred attorney's fees and costs in pursuing this action.

**COUNT II:**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. 227**

43. Plaintiff re-alleges herein paragraphs 1-25 set forth above.

44. This action arises out of a series of debt collection calls placed by Defendant to Plaintiff's cellular telephone number in its efforts to collect a debt allegedly owed by an individual named "Daniel Solice".

45. Defendant used pre-recorded messages to place at least forty calls to Plaintiff's cellular telephone number ending in 7105.

46. Since February 2, 2015, Plaintiff is, and has been, the owner, regular user, and subscriber of the cellular telephone number ending in 7105.

47. On information and belief, Defendant placed the telephone calls and pre-recorded messages to Plaintiff's cellular telephone number using automated telephone dialing equipment, without human intervention.

48. On information and belief, Defendant placed the telephone calls to Plaintiff's cellular telephone number using LiveVox.

49. Each call Defendant made to Plaintiff was made using an "automatic telephone dialing system"

---

[2] A plaintiff may recover actual damages for emotional distress under the FDCPA and FCCPA. *Minnifield v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011) (finding that a plaintiff can recover for emotional distress under the FDCPA); *Fini v. Dish Network L.L.C.*, 955 F. Supp. 2d 1288, 1299 (M.D. Fla. 2013) (finding the same under the FCCPA). Also see *Goodin v. Bank of America*, 2015 U.S. Dist. LEXIS 81318 (M.D. Fla June 23, 2015)

that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

50. Upon information and belief, Defendant used an automatic telephone dialing system, a predictive dialing system, which includes but is not limited to LiveVox and pre-recorded messages (as defined by the Federal Communications Commission's interpretation of automatic telephone dialing system under the Telephone Consumer Protection Act to call Plaintiff's cellular telephone number during the last four years.

51. Defendant called Plaintiff's cellular telephone number over forty times during the last four years.

52. Defendant did not have Plaintiff's express consent to call his cellular telephone number with an automatic telephone dialing system.

53. The TCPA provides in 47 U.S.C. 227(b)(3):

> (3) **PRIVATE RIGHT OF ACTION.**—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

54. Defendant's violation of the TCPA was willful and knowing.

55. Plaintiff is entitled to damages of $1,500.00 for each call willfully placed to her cellular

telephone. In the event the Court finds the calls were not willful then Plaintiff is entitled to damages of $500.00 per call.

56. By Defendant calling the Plaintiff's cellular telephone number without express consent and in direct violation of Plaintiff's instructions, Defendant willfully and knowingly violated the TCPA.47 U.S.C. 227.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); an award of actual and punitive damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiff is entitled; and

b) judgment be entered against Defendant pursuant to 47 U.S.C. 227(b)(3) for damages of $1,500.00 for each call willfully or knowingly placed to his cellular telephone. In the event the Court finds the calls were not willful or placed knowingly then Plaintiff is entitled to damages of $500.00 per call.

Such other and further relief that the Court deems just and proper.

Respectfully submitted on _____1/14/2016_____

/s/**Lisa Wilcox/**

By:_____
Lisa R. Wilcox, Esquire

9

| | |
|---|---|
| FBN: 697291 | St. Petersburg, Florida 33701 |
| 721 First Ave. N. | 727-821-1707 |
| Suite 100 | lisa@wilcoxlawpa.com |

## CERTIFICATE OF SERVICE

I hereby certify that on 1/14/2016I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served thisday on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to Receive electronically Notices of Electronic Filing.

**s/Lisa R Wilcox/**

By:_____
Lisa R. Wilcox, Esquire
FBN: 697291