UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO POZO,

                    Plaintiff,                   Case No.  8:15-cv-00929-SDM-AEP

v.

STELLAR RECOVERY, INC.,

                    Defendant.

_____/

## DEFENDANT, STELLAR RECOVERY, INC.'S, ANSWER TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

COMES NOW Defendant, STELLAR RECOVERY, INC. ("Stellar") by and through its undersigned counsel, and for its Answer to Plaintiff's First Amended and Supplemental of Complaint [DE 34] states the following:

## JURISDICTION AND VENUE

1.    Admitted to the extent that Stellar acknowledges that Plaintiff has made claims under the Federal Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). Stellar denies all remaining allegations contained in Plaintiff's Amended Complaint.

2.    Admitted for purposes of claims identification only; otherwise denied.

3.    Admitted for purposes of jurisdiction and venue only; otherwise denied.

## PLAINTIFF

4.    Stellar admits the allegations in Paragraph 4 only for purposes of jurisdiction and venue; otherwise denied.

**<u>DEFENDANT</u>**

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Denied; Defendant demands strict proof thereof.

13.     Admitted.

14.     Admitted.

15.     Admitted to the extent that Defendant receives a large volume of mail on a daily

basis but denies any specific estimate or quantity; otherwise denied.

16.     Denied; Defendant demands strict proof thereof.

17.     Admitted.

18.     Admitted.

19.     Denied; Defendant demands strict proof thereof.

20.     Denied; Defendant demands strict proof thereof.

21.     Denied; Defendant demands strict proof thereof.

22.     Denied; Defendant demands strict proof thereof.

23.     Denied; Defendant demands strict proof thereof.

24.     Admitted.

25.     Denied; Defendant demands strict proof thereof.

## COUNT I: FAIR DEBT COLLECTION PRACTICES ACT

26.    Defendant re-asserts and incorporates the responses to the allegations contained in

Paragraphs 1 through 25 by references; as if fully re-stated herein.

27.    Admitted.

28.    Admitted.

29.    Denied; Defendant demands strict proof thereof.

30.    Denied; Defendant demands strict proof thereof.

31.    Unknown therefore denied.

32.    Denied; Defendant demands strict proof thereof.

33.    Denied; Defendant demands strict proof thereof.

34.    Denied; Defendant demand strict proof thereof.

35.    Admitted to the extent that Defendant received Plaintiff's letter dated March 23,

2015.  Denied to the extent that Plaintiff's letter failed to properly identify any biographical

information to permit Defendant to properly locate and identify the Plaintiff's cell phone.

Otherwise, denied.

36.    Admitted to the extent that Stellar was not collecting a debt from the Plaintiff.

37.    Denied; Defendant demand strict proof thereof.

38.    Denied; Defendant demands strict proof thereof.

39.    Admitted to the extent that Defendant was seeking to contact an individual other

than Plaintiff; otherwise denied.

40.    Denied; Defendant demands strict proof thereof.

41.    Denied; Defendant demands strict proof thereof.

42.    Denied; Defendant demands strict proof thereof.

## COUNT II:  TELEPHONE CONSUMER PROTECTION ACT

43.     Defendant re-asserts and incorporates the responses to the allegations contained in Paragraphs 1 through 42 by references; as if fully re-stated herein.

44.     Admitted for purposes of claims identification only; otherwise denied.

45.     Denied; Defendant demands strict proof thereof.

46.     Denied; Defendant demands strict proof thereof.

47.     Denied; Defendant demands strict proof thereof.

48.     Admitted to the extent that Defendant utilizes the call services of LiveVox; otherwise denied.

49.     Denied; Defendant demands strict proof thereof.

50.     Denied; Defendant demands strict proof thereof.

51.     Denied; Defendant demands strict proof thereof.

52.     Denied; Defendant demands strict proof thereof.

53.     Stellar admits the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Denied; Defendant demands strict proof thereof.

55.     Denied; Defendant demands strict proof thereof.

56.     Denied; Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

**Second Affirmative Defense**

Defendant affirmatively alleges Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

**Third Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the year statute of limitations under the Fair Debt Collection Practices Act ("FDCPA").

**Fourth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692k since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

**Fifth Affirmative Defense**

Defendant affirmatively alleges that this action was brought in bad faith and for the purpose of harassment, entitling Defendant to an award of attorneys' fees reasonable in relation to the work expended and costs, pursuant to Section 1692k.

**Sixth Affirmative Defenses**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

**Seventh Affirmative Defenses**

Stellar asserts that any alleged calls by Stellar to Plaintiff were not made by an automatic telephone dialing system as that term as defined under the TCPA and under the 2015 FCC Declaratory Ruling.

**Eighth Affirmative Defense**

Even assuming *arguendo* that Stellar violated the TCPA, as alleged in the Complaint, which presupposition Stellar denies, such violation was not intentional.

WHEREFORE, Defendant, STELLAR RECOVERY, INC., requests that this Court dismiss Plaintiff's First Amended and Supplemental Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Dated this **28th** day of **January, 2016.**


Respectfully submitted,


/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 28, 2016**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the following attorney of record:  W. John Gadd, Esquire at wjg@mazgadd.com and Lisa Wilcox, Esquire at  lisa@wilcoxlawpa.com. *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire, LL.M.
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Phone: (407) 245-8352
Fax: (407) 245-8361
Attorneys for Defendant