UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWARD POZO**

**Plaintiff,**                                          CASE NO.: 8:15 cv00929 SDM AEP

v.

**STELLAR RECOVERY SERVICES, INC.**

   **Defendant**

_____/

## EXPERT WITNESS AFFIDAVIT

I, Gary Parker, Affiant, hereby swear and affirm:

1. I am over the age of 18 and I am competent to make this affidavit.

2. I have personal knowledge of the facts set forth in this affidavit.

3. I have never been disqualified from rendering an expert opinion in any court of law.

4. I have owned, operated and worked full-time on behalf of The Phone Line, Inc., a Florida Corporation headquartered in St. Petersburg, Florida from 1997 to 2014.

5. The Phone Line, Inc. is a distributor, installer and servicer of telephony systems nationwide. Among many other communication technologies, I have sold, installed and serviced Toshiba Telecommunication Systems, Honeywell Surveillance Systems, SonicWall Firewalls and Routers, Dell Computers and Competitive Local Exchange Carriers (CLECs), including those systems and dialers that are similar to Aspect, Cisco, LiveVox, Mercury, and FACS. I have significant experience with the installation of telephone systems, including those systems that are cloud based or that operate in connection with remote servers, including but not limited to Live Vox and Global Connect.

6. I have certifications and licenses for all Toshiba Digital and IP Telephone Systems, SonicWall, Firewall, and Routers. I am duly certified as a Limited Energy System Specialist by the Pinellas County Construction Licensing Board and the State of Florida.

7. I have served four (4) years in the United States Air Force (1969 – 1973) with an Honorable Discharge with certifications as a Microwave Multiplex Telecommunications Specialists. I have a private pilot's license, a Bachelor's Degree in Business with a Real Estate Major from Franklin University in Columbus, Ohio. I had a real estate license in Columbus, Ohio. I owned and operated four (4) branch offices of The Phone Line, Inc. in Columbus, Cincinnati, Cleveland, Ohio; and Tampa/St. Petersburg, Florida for 37 years.

8. I have read, reviewed and understood the Telephone Consumer Protection Act 47 U.S.C. § 227 (TCPA). Likewise, I have read the Defendant's description of Defendant's telephone system, including Defendant's responses to discovery issued by Plaintiff in regards to the telephone system in question. Copies of the documents that I reviewed are attached to this statement. These include a copy of Defendant's dialer log which evidences the use of an auto-dialer, specifically as it pertains to the FCC's definitions and judgements regarding both "capacity" and "current capacity".

9. I have read, reviewed and understood the attached FCC's TCPA Omnibus Declaratory Ruling and Order how the FCC defines autodialing "capacity" in the context of TCPA. The FCC defines an autodialer as:

   ***"Equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."***

10. I have relied on the above definition and subsequent clarifying judgements to reach the following professional interpretation: Dialing equipment that stores or produces, and dials random or sequential numbers meets the TCPA's definition of "autodialer", even if it is not presently used for that purpose, including when the caller is calling a set list of consumers. Predictive dialers, as previously described by the FCC, satisfy the TCPA's definition of "autodialer" for the same reason. Further, callers cannot avoid obtaining consent by dividing ownership of pieces of dialing equipment that work in concert among multiple entities.

11. Delays, static, soft silence and/or clicks upon answering calls or playback of pre-recorded messages are common among and indicative of Autodialing systems. Any such evidence found in Plaintiff's testimony is consistent with, though independent of, my professional evaluation.

12. In rendering this opinion, that Defendant used a predictive dialer and autodialer to place the calls at issue to Plaintiff's cellular telephone as defined by the FCC and the TCPA, I have reviewed the following:

    a.   Defendant's call logs and responses to Plaintiff's interrogatories.

13. Based upon my experience in the telecommunications field, my review of Defendant's description of its telephone system as well as my review of the TCPA and judicial decisions interpreting the TCPA, **I affirm and testify that Defendant's list generation and call placement systems undoubtedly fit the FCC's definition of an "auto-dialer" and "predictive-dialer"**

14. I affirm that any and all modern telephony systems, dialing software, SAAS (Software(s) As A Service) and associated hardware, whether computer-based or cloud-based, have the "capacity" for automatic dialing, per FCC TCPA definition. Such systems include, but are not limited to Live Vox, Global Connect, Aspect, Cisco, Soundbite, FACS, Guaranteed Contact, and CRS Mercury.

15. I have agreed to be paid $125 per hour for compensation as an expert in this case. I am being paid by the Plaintiff $250 to write this report.

16. The facts that I am relying upon are reasonably relied upon by experts within my field.


Further affiant sayeth naught.

I SWEAR OR AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION AND KNOWLEDGE.

_____          11-13-15
Signature of Affiant                     Date of Signing


STATE OF FLORIDA

COUNTY OF PINELLAS

SWORN TO AND SUBSCRIBED BEFORE ME on ___November 13, 2015___

by ___Gary Parker___ who is personally known to me or who provided

_____ as identification.


_____          _____
Signature of Notary                       Notary Stamp

**LISA WILCOX**
MY COMMISSION #FF162792
EXPIRES September 24, 2018
(407) 398-0153      FloridaNotaryService.com

Page 3 of 4