UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO POZO,

       Plaintiff,                          Case No. **8:15-cv-00929-SDM-AEP**

v.

STELLAR RECOVERY COLLECTION
AGENCY, INC.,

       Defendant.
_____/

### DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT WITH SUPPORTING MEMORANDUM OF LAW

COMES NOW Defendant, STELLAR RECOVERY COLLECTION AGENCY, INC. (hereinafter "Defendant" or "Stellar"), by and through its undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby files its Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, and as grounds therefore states as follows:

### LIVEVOX'S HCI SYSTEM IS NOT AN ATDS

Plaintiff seeks to defeat Defendant's Motion for Summary Judgment by manufacturing an issue of fact regarding whether LiveVox's Human Call Initiator (HCI) system utilized by Defendant in its attempts to call a consumer other than the Plaintiff is an Automatic Telephone Dialing System ("ATDS") as defined by the Telephone Consumer Protection Act ("TCPA") and interpreted by the Federal Communications Commission ("FCC"). Plaintiff's sole evidence in opposition is a November 13, 2015 Declaration by Gary Parker, but that Declaration cannot

defeat summary judgment because Mr. Parker never examined the HCI system and thus has no basis whatsoever for his purported conclusions. **[See DE 44 page 2]**

Mr. Parker's affidavit does not even mention Defendant's specific use of LiveVox's HCI system but merely speculates that LiveVox's system must be a "predictive dialer." Such speculation is insufficient to create a question of fact sufficient to defeat summary judgment. **[See DE 44 Exhibit 1]**

Nowhere in the Parker affidavit does he reference the fact that LiveVox offers different and independent systems for its customers to make telephone calls. Instead, Mr. Parker simply attempts to lump all of these various systems into one. However, as both Kendra Stokes and Laurence Siegel confirmed, LiveVox offers several different and distinct outbound dialing systems, including both human-initiated dialing systems and an automated dialing systems. Neither Plaintiff nor Mr. Parker offer any rebuttal to the sworn statement by LiveVox's representative that "*The human-initiated dialing systems require an agent to manually initiate a call, and are designed and built by LiveVox so as not to be capable of automated or predictive dialing.*" **[See Declaration of Laurence H. Siegel ¶ 4 attached hereto as Exhibit 2]** Plaintiff also does not and cannot refute the fact that every single call at issue in this action was made using the LiveVox HCI system. **[See Deposition of Kendra Stokes, Tr. 9:7-18.]**

Mr. Parker fails to call into question the fact that HCI, like all of LiveVox's human-initiated systems, is a distinct system, separated from LiveVox's other outbound dialing systems at the hardware and software level. Mr. Parker never inspected the HCI calling system used to make the calls relevant here. Had he reviewed the HCI system, he would have learned that HCI uses its own unique combination of software and hardware that is not shared with any other LiveVox system. The software underlying HCI is designed only to enable the type of calls

launched in HCI. **[See Declaration of Laurence H. Siegel ¶ 5 attached hereto as Exhibit 2]** Mr. Parker also did not and cannot rebut that all HCI calls are routed through a set of servers exclusively dedicated to HCI calls and that those HCI servers cannot launch automated calls. **[See Declaration of Laurence H. Siegel ¶ 6 attached hereto as Exhibit 2]**

More importantly, Mr. Parker offers no opinion or testimony challenging that every call launched using HCI requires human intervention by an agent: an employee or other person working on behalf of the LiveVox customer making the call. Recently, Florida federal courts have recognized that the existence of human intervention in the call process defeats the classification of a "predictive dialer." For example, on March 28, 2016, Judge Cohn of the Southern District of Florida, in *S. Ryan Strauss v. The CBE Group, Inc., el al*, Case Number 15-62026-CIV-Cohn-Seltzer granted summary judgment to the Defendant finding that "*because CBE has presented substantial evidence that human intervention is essential at the point and time the number is dialed using the MCA and that the Noble equipment used does not have the functionalities required to classify it as a predictive dialer.*"[1] **[DE 47 at 9]**

In this case, Defendant has established that the human intervention takes the form, in part, of a "clicker agent" clicking on a dialogue box to confirm the launching of a call to each particular telephone number. Therefore, in this case, the actual calls cannot and will not be launched unless the clicker agent clicks on the dialogue box. **[See Declaration of Laurence H. Siegel ¶ 7 attached hereto as Exhibit 2]** In sum, as shown in the original motion, Defendant has demonstrated that (1) the HCI system is a stand-alone system that does not utilize a random or sequential number generator, (2) that HCI does not operate as a predictive dialer, (3) that HCI has no capacity to autodial, and (4) that HCI is incapable of functioning unless there is

---

[1] In a similar situation, the Plaintiff also offered an expert to testify that the calls were made by a predicative dialer however, the court noted that the expert failed to address that actual equipment used in the calls and that the expert merely assumed that the calls were in the predicative mode rather than manual mode.

significant human intervention to launch a call. Plaintiff has utterly failed to offer any admissible evidence to rebut any of these facts.

Plaintiff's claimed legal support in opposite to the Summary Judgment Motion is as lacking as the failed attempts by Plaintiff to create a factual dispute in this case. In a blatant example of coloring with overly broad strokes, Plaintiff argues that HCI is an ATDS simply because the separate automated dialing system offered by LiveVox was found to be an ATDS in two other cases. *See Doc. 44, p. 7*, citing *Echevvaria v. Diversified Consultants, Inc.* and *Davis v. Diversified Consultants, Inc*. This argument fails though for the same reason that Mr. Parker's affidavit does not help Plaintiff's cause – both fail to recognize the simple but dispositive fact that HCI is a different, unrelated and separate system from the automated dialing system offered by LiveVox. It is of no consequence that LiveVox offers a different, independent product that may be an ATDS. Plaintiff has not, and cannot show that he received any calls from that automated system. To be clear, the only calls Plaintiff received from Defendant were made though the HCI system. Plaintiff has failed to raise any support, either factually or legally, to contradict the evidence showing that HCI is an independent system that requires human intervention to launch any call and is incapable of autodialing.

Defendant has established that it used only the LiveVox HCI system, which is not an ATDS because of the requisite human intervention , including as interpreted in *Strauss, supra*, *Modica v. Green Tree Servicing, LLC*, 2015 WL 1943222 (M.D. Fla. April 29, 2015), *Gaza v. LTD Financial Services, L.P.*, 2015 WL 5009741 (M.D. Fla. Aug. 24, 2015), Here, the only evidence regarding how Stellar called Plaintiff confirms that those calls were made with direct human intervention, and independent of any automated or predictive functionality. Calls made

using such a manual system are outside the scope of the TCPA, and Plaintiff's claim, untethered to any evidence of automated calls, must fail.

## Conclusion

Plaintiff's opposition fails to address the HCI system used by the Defendant to make the calls at issue here; as a result, Plaintiff has failed to raise a genuine issue of material fact. Stellar respectfully submits that it is entitled to summary judgment on Plaintiff's TCPA claim.

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **May 16, 2016** via the Court Clerk's CM/ECF system which will provide notice to the following: W. John Gadd, Esquire at wjg@mazgadd.com; and Lisa Wilcox, Esquire at Lisa@WilcoxLawPA.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL 32801
Telephone: (407) 245-8352
Facsimile: (407) 245-8361
*Attorneys for Defendant, Stellar Recovery Collection Agency, Inc.*